## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DAVID SCANLON, on behalf of himself   :
and others similarly situated,   :
  :
      Plaintiff,   :    Case No.
  :
v.   :
  :    CLASS ACTION COMPLAINT
CURBSURE, LLC   :
  :
      Defendant.   :
  :
_____ /

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff David Scanlon ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      Curbsure, LLC ("Curbsure" or "Defendant"), who offers several consumer products including insurance policy offerings, sent text message calls to residential telephone numbers, including the Plaintiff, which is prohibited by the TCPA, despite their presence on the National Do Not Call Registry.

3.      The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on

behalf of a proposed nationwide class of other persons who received illegal telemarketing calls

from or on behalf of Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide

scale illegal telemarketing and is consistent both with the private right of action afforded by the

TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff David Scanlon is a Massachusetts resident.

6.      Defendant Curbsure, LLC is a limited liability company.

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA

claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of

the events or omissions giving rise to the claim occurred in this District, as the telemarketing

calls to the Plaintiff was placed into this District.

## The Telephone Consumer Protection Act

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10.     The TCPA specifically required the FCC to "initiate a rulemaking proceeding

concerning the need to protect residential telephone subscribers' privacy rights to avoid

receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

2

11.    The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

12.    Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014* ("DNC Order").

13.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

16.    Defendant is in the business of selling consumer goods, including insurance policies.

17.    One of Defendant's strategies for marketing its services and generating business is through telemarketing.

18.    Defendant telemarketing includes sending marketing text messages.

19.    Recipients of these calls, including Plaintiff, did not consent to receive them.

<u>Calls to Plaintiff</u>

20.    Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

21.    The Plaintiff has received at least four text messages from the Defendant.

22.    The images of some of the texts sent are below:





23.     The texts were sent in 2025.

24.     The text messages Plaintiff received contained links that resolved to webpages controlled by Defendant, including domains registered to or used exclusively by Curbsure, LLC.

25.     The landing pages promoted Defendant's products and required consumers to provide personal information for quotes from Curbsure or its agents, indicating that Defendant was the intended beneficiary of the outreach.

26.     The text messages referenced "Curbsure," "Curb Sure," or other business names, marks, or URLs associated with Defendant, making clear that Defendant sent, approved, or knowingly benefitted from the campaign.

27.     The structure, content, and formatting of the messages—including identical message templates sent to numerous consumers—matches templates known to be used by Defendant in its marketing operations.

28.     Each text message Plaintiff received referenced insurance quotes, discounts, coverage options, or other financial incentives, which are advertisements and telemarketing under 47 C.F.R. § 64.1200(f)(1), (12).

29.     The messages urged Plaintiff to "get a quote," "review new coverage options," "claim benefits," or otherwise take steps to purchase an insurance product offered by Defendant.

30.     The links in the texts directed Plaintiff to webpages advertising Defendant's insurance offerings and soliciting consumers to purchase or enroll in Defendant's products.

31.     The calls were made to Mr. Scanlon's cellular telephone number, XXX-238-XXXX.

32.     Mr. Scanlon's cellular telephone number is used for residential and personal purposes.

33.    Mr. Scanlon uses the phone line to mainly communicate with family and friends.

34.    Mr. Scanlon's telephone number has been on the National Do Not Call Registry since 2003.

35.    The Defendant did not have the required prior express written consent to make the telemarketing calls at issue.

36.    Plaintiff never provided his prior express written consent to receive the calls at issue.

37.    The calls were not necessitated by an emergency.

38.    Plaintiff's privacy has been violated by the above-described telemarketing robocalls from, or on behalf of, Defendant. The calls were an annoying, harassing nuisance.

39.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they may have been charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## Class Action Statement

40.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

41.    The Class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

42.    The Class as defined above are identifiable through phone records and phone number databases.

43.    The potential members of the Class number is likely at least in the thousands based on the generic nature of the Defendant's telemarketing.

44.    Individual joinder of these persons is impracticable.

45.    The Plaintiff is a member of the Class.

46.    There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
> (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA;
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47.    Plaintiff's claims are typical of the claims of members of the Class.

48.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

50.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

51.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

52.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

53.    The Defendant's violations were negligent, willful, or knowing.

54.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

55.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiff as a representative of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F.    An award to Plaintiff and the Class of damages, as allowed by law; and

**G.**    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By their attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com