UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID SCANLON,<br>*Individually and on behalf of all*<br>*Others similarly situated*,<br><br>       Plaintiff,<br><br>vs.<br><br>CURBSURE, LLC,<br><br>       Defendant. | Case No. 1:25-CV-13434-PGL |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO CLASS ACTION COMPLAINT OF DEFENDANT CURBSURE, LLC

Defendant Curbsure, LLC ("Curbsure") hereby answers the Class Action Complaint (the "Complaint") filed by plaintiff David Scanlon ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

1. Answering Paragraph 1 of the Complaint, Curbsure admits that Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but denies that it violated the TCPA, denies any liability to Plaintiff and/or any person he purports to represent, and denies that Plaintiff and/or any person he purports to represent is entitled to actual damages, statutory damages, punitive damages, costs, attorneys' fees or any relief whatsoever.

2. Answering Paragraph 2 of the Complaint, Curbsure denies the allegations contained therein.

1

3. Answering Paragraph 3 of the Complaint, Curbsure denies the allegations contained therein.

4. Answering Paragraph 4 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Curbsure lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Curbsure admits the allegations contained therein.

## JURISDICTION & VENUE

7. Answering Paragraph 7 of the Complaint, Curbsure does not challenge jurisdiction for purposes of this action only, but denies any liability to Plaintiff and/or any person he purports to represent, and denies that Plaintiff and/or any person he purports to represent, is entitled to any relief whatsoever from Curbsure. Curbsure further states that Plaintiff's claims may be subject to binding, individual arbitration and Curbsure specifically reserves, and does not waive, the right to compel arbitration of such claims against Plaintiff and/or any person he purports to represent whose claims also may be subject to binding, individual arbitration.

8.      Answering Paragraph 8 of the Complaint, Curbsure does not challenge venue for purposes of this action only, but denies any liability to Plaintiff and/or any person he purports to represent, and denies that Plaintiff and/or any person he purports to represent, is entitled to any relief whatsoever from Curbsure. Curbsure further states that Plaintiff's claims may be subject to binding, individual arbitration and Curbsure specifically reserves, and does not waive, the right to compel arbitration of such claims against Plaintiff and/or any person he purports to represent whose claims also may be subject to binding, individual arbitration.

## THE TELEPHONE CONSUMER PROTECTION ACT

9.      Answering Paragraph 9 of the Complaint, Curbsure states that there are no allegations in Paragraph 9 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure states that the TCPA speaks for itself and Curbsure denies any allegations that are inconsistent therewith.

10.     Answering Paragraph 10 of the Complaint, Curbsure states that there are no allegations in Paragraph 10 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure states that the TCPA speaks for itself and Curbsure denies any allegations that are inconsistent therewith.

11.     Answering Paragraph 11 of the Complaint, Curbsure states that there are no allegations in Paragraph 11 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure states that the TCPA speaks for itself and Curbsure denies any allegations that are inconsistent therewith.

12. Answering Paragraph 12 of the Complaint, Curbsure states that there are no allegations in Paragraph 12 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure states that the cited authority speaks for itself and Curbsure denies any allegations that are inconsistent therewith.

13. Answering paragraph 13 of the Complaint, states that there are no allegations in Paragraph 13 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure states that 47 C.F.R. § 64.1200(c)(2) speaks for itself and Curbsure denies any allegations that are inconsistent therewith.

14. Answering Paragraph 14 of the Complaint, states that there are no allegations in Paragraph 14 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure states that 47 C.F.R. § 64.1200(c)(2) speaks for itself and Curbsure denies any allegations that are inconsistent therewith.

15. Answering Paragraph 15 of the Complaint, states that there are no allegations in Paragraph 15 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure states that the TCPA speaks for itself and Curbsure denies any allegations that are inconsistent therewith.

## **FACTUAL ALLEGATIONS**

16. Answering Paragraph 16 of the Complaint, Curbsure admits that it is an online insurance referral company. Curbsure denies the remaining allegations contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Curbsure denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Curbsure denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Curbsure denies the allegations contained therein.

**Calls to Plaintiff**

20. Answering Paragraph 20 of the Complaint, Curbsure states that the allegations in Paragraph 20 consist of a legal conclusion to which no response is required. To the extent a response is required, Curbsure states that 47 U.S.C. § 153(39) speaks for itself and denies any allegations inconsistent therewith.

21. Answering Paragraph 21 of the Complaint, Curbsure lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 21 and, on that basis, denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Curbsure states that the cited messages speak for themselves and denies any allegations inconsistent therewith.

23. Answering Paragraph 23 of the Complaint, Curbsure lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 23 and, on that basis, denies the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, Curbsure states that the cited messages speak for themselves and denies any allegations inconsistent therewith.

25. Answering Paragraph 25 of the Complaint, Curbsure states that the cited messages speak for themselves and denies any allegations inconsistent therewith.

26. Answering Paragraph 26 of the Complaint, Curbsure states that the cited messages speak for themselves and denies any allegations inconsistent therewith.

27. Answering Paragraph 27 of the Complaint, Curbsure lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 27 and, on that basis, denies the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, Curbsure states that the allegations in Paragraph 28 consist of a legal conclusion to which no response is required. To the extent a response is required, Curbsure states that 47 C.F.R. § 64.1200(f)(1), (12) speaks for itself and denies any allegations inconsistent therewith.

29. Answering Paragraph 29 of the Complaint, Curbsure states that the cited messages speak for themselves and denies any allegations inconsistent therewith.

30. Answering Paragraph 30 of the Complaint, Curbsure states that the cited messages speak for themselves and denies any allegations inconsistent therewith.

31. Answering Paragraph 31 of the Complaint, Curbsure lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 31 and, on that basis, denies the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, Curbsure states that there are no allegations in Paragraph 32 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 32 and, on that basis, denies the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, Curbsure states that there are no allegations in Paragraph 33 directed to Curbsure and, therefore, no response is required. To the extent a response is required, Curbsure lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 33 and, on that basis, denies the allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, Curbsure lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 34 and, on that basis, denies the allegations contained therein.

35.     Answering Paragraph 35 of the Complaint, Curbsure denies the allegations contained therein.

36.     Answering Paragraph 36 of the Complaint, Curbsure denies the allegations contained therein.

37.     Answering Paragraph 37 of the Complaint, Curbsure lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 37 and, on that basis, denies the allegations contained therein.

38.     Answering Paragraph 38 of the Complaint, Curbsure denies the allegations contained therein.

39.     Answering Paragraph 39 of the Complaint, Curbsure denies the allegations contained therein.

## CLASS ACTION STATEMENT

40.     Answering Paragraph 40 of the Complaint, Curbsure admits that Plaintiff brings this action on his own behalf and purportedly on behalf of similarly situated individuals but denies that certification of any proposed class would be appropriate.

41. Answering Paragraph 41 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

42. Answering Paragraph 42 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

43. Answering Paragraph 43 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

44. Answering Paragraph 44 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

45. Answering Paragraph 45 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

46. Answering Paragraph 46 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

47. Answering Paragraph 47 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

48. Answering Paragraph 48 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

49. Answering Paragraph 49 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

50. Answering Paragraph 50 of the Complaint, Curbsure denies that any class should be certified in this action, denies that this action is appropriate for class treatment, and otherwise denies the allegations in this Paragraph.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

51. Curbsure incorporates its responses to all the foregoing paragraphs, above, as though fully stated herein.

52. Answering Paragraph 52 of the Complaint, Curbsure denies the allegations contained therein.

53. Answering Paragraph 53 of the Complaint, Curbsure denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, Curbsure denies the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, Curbsure denies the allegations contained therein.

## PRAYER FOR RELIEF

Answering the unnumbered paragraph titled "Prayer for Relief," Curbsure denies that certification of any proposed class would be appropriate here and further denies that Plaintiff, and/or any person he purports to represent, is entitled to any relief whatsoever including, without limitation, actual damages, statutory damages, declaratory or injunctive relief, attorneys' fees and costs.

## JURY DEMAND

Curbsure acknowledges that Plaintiff has demanded a trial by jury. Curbsure further states that Plaintiff's claims may be subject to binding, individual arbitration and Curbsure specifically reserves, and does not waive, the right to compel arbitration of such claims against Plaintiff and/or any person he purports to represent whose claims also may be subject to binding, individual arbitration.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Curbsure alleges the following separate and distinct affirmative defenses on information and belief:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to set forth facts sufficient to state a claim against Curbsure.

## SECOND AFFIRMATIVE DEFENSE

### (Binding Arbitration Agreement)

The Complaint fails to the extent that Plaintiff seeks to represent and/or include Curbsure customers as part of any putative class because the claims of such putative class members are subject to arbitration on an individual, non-class basis pursuant to the arbitration agreement contained in the terms and conditions governing class members' account(s) with Curbsure.

## THIRD AFFIRMATIVE DEFENSE

### (Prior Express Consent)

The Complaint fails to the extent Plaintiff, and/or any person he purports to represent, provided "prior express consent" within the meaning of the TCPA, for all messages allegedly sent to Plaintiff's cellular telephone number, and the number of anyone he purports to represent.

## FOURTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Curbsure alleges that the claims of Plaintiff and the putative class members are barred because the alleged conduct, in which Curbsure did not participate, complied with the provisions of the applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

## FIFTH AFFIRMATIVE DEFENSE

### (Preexisting Commercial Relationship)

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the parties' preexisting commercial relationship.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Although Curbsure denies that Plaintiff, and/or any person he purports to represent, suffered any damages, to the extent any damages have been suffered, Plaintiff, and/or any person he purports to represent, failed to mitigate those damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff and the putative class members, which amount to and constitute a waiver and/or estoppel of their claims and any relief sought thereby.

## NINTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff and the putative class members ratified the conduct alleged in the Complaint and therefore are barred from recovery against Curbsure.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims of Plaintiff and the putative class members are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Independent/Intervening Conduct)

Plaintiff and the putative class members are barred from recovery in that any damage, injury and/or harm allegedly sustained by Plaintiff and the putative class members was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent parties or their agents, and not the result of any act or omission on the part of Curbsure.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Plaintiff and the putative class members failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the alleged damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff and the

putative class members were proximately caused and contributed to by their own negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Apportionment)**

Curbsure is not legally responsible with respect to the damages that may be claimed by Plaintiff and the putative class members as a result of the matters alleged in the Complaint; however, if Curbsure is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned accordance with the fault and legal responsibility of all non-Curbsure parties, persons and entities, or the agents, servants and employees of such non- Curbsure parties, persons and entities, who contributed to and/or caused said damages, according to proof presented during trial.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

The claims of Plaintiff and the putative class members for injunctive relief are barred because Plaintiff and the putative class members cannot establish, among other things, that there is no adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Curbsure expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Curbsure prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That Curbsure recover its attorneys' fees and costs herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: January 12, 2026                Respectfully submitted,

*/s/ L. Felipe Escobedo*
L. Felipe Escobedo, BBO# 709142
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
felipe.escobedo@morganlewis.com

Attorney for Defendant
   *CurbSure LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on January 12, 2026 via the Court's CM/ECF system.

*/s/L. Felipe Escobedo*