### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID SCANLON, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 1:25-cv-13434 |
| v. | : : | |
| CURBSURE, LLC | : : | |
| Defendant. | : : / | |

## JOINT STATEMENT

Plaintiff David Scanlon ("Plaintiff") and Defendant Curbsure, LLC ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel, submit this Joint Statement pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and Local Rule 16.1.

**I.        FED. R. CIV. P. 26(F) REPORT**

**A.     Nature and Basis of Claims**

1. Plaintiff's Statement

Plaintiff brings this putative nationwide class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant's promoted its insurance-related products or services through telemarketing calls to telephone numbers that had been registered on the National Do Not Call Registry. The class being pursued is below:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

2. <u>Defendant's Statement</u>

Defendant denies that it violated the TCPA and contends that Plaintiff and each member of the putative class expressly consented not only to any communications received from Defendant but to arbitrate all claims on an individual, non-class, non-representative basis. Defendant further denies that Plaintiff's claims are appropriate for class treatment given the numerous individual issues, such as whether members of the purported putative class also expressly consented to any communications received from Defendant and/or to arbitrate any claims they may have on an individual, non-class, non-representative basis.

B. **Possibilities of Settling or Resolving The Case**

Pursuant to Local Rule 16(c) Plaintiff made a settlement demand to Defendant on January 26, 2026 on a class-wide basis. Plaintiff is open to mediating a resolution to this matter on a class-wide basis.

**Proposed Discovery Plan**

1. <u>Proposed Discovery Plans</u>

*<u>Plaintiff's Proposed Discovery Plan</u>*

Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as consent; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

Plaintiff opposes Defendant's proposal to stay or bifurcate discovery pending a potential motion to compel arbitration or class certification. Defendant has not yet filed any motion to compel arbitration, and speculative future motion practice is not a basis to delay discovery. Discovery concerning Defendant's telemarketing practices, call data, consent procedures, and use of third-party vendors is relevant both to Plaintiff's individual claims and to class certification issues, and courts routinely permit such discovery to proceed concurrently.

*Defendant's Proposed Discovery Plan*

Defendant may file a Motion to Compel Arbitration. Should arbitration not be compelled, Defendant anticipates needing discovery concerning the validity of Plaintiff's allegations and damages, and facts related to its defenses, including Plaintiff's prior express consent to receive messages on his telephone. Defendant believes that discovery should be bifurcated, and that any discovery related to any Plaintiff other than David Scanlon is premature at this time. Class discovery should not proceed until such time as the Court certifies any class, which Defendant contends is not appropriate here.

2. <u>Electronically Stored Information</u>

The Parties expect much discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. The Plaintiff has requested that production of electronic documents be made in searchable PDF format and that the production of any records of telemarketing calls be produced in their native format. To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

3.  <u>Privilege and Preservation</u>

The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures. The Parties have taken the appropriate steps to preserve discoverable information, including ESI.

4.  <u>Limitations on Discovery</u>

The Parties do not anticipate any changes to the limitations set forth in the Rules.

5.  <u>Additional Orders</u>

The Parties have agreed to service of discovery requests and responses via electronic mail, subject to the timing provisions of Fed. R. Civ. P. 6(d).

The Parties have also conferred on the schedule for the Plaintiff's motion for class certification and propose the following:

- Deadline for Plaintiff to file motion for class certification: December 15, 2026
- Deadline for Defendant to file opposition to motion for class certification: January 15, 2027
- Deadline for Plaintiff to file reply in support of motion for class certification: February 15, 2027

Dated: February 4, 2026

Attorneys for Plaintiff,
By Counsel

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com


*/s/ L. Felipe Escobedo*

L. Felipe Escobedo, BBO# 709142
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
felipe.escobedo@morganlewis.com

Attorney for Defendant
 *CurbSure LLC*


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Anthony I. Paronich*
Anthony I. Paronich